# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANTS

Stephen W. Voelker
Voelker Law Office
Jeffersonville, Indiana

ATTORNEY FOR APPELLEE

Justin E. Endres
New Albany, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jack Gable and Janet Gable,<br>*Appellants-Plaintiffs,*<br><br>v.<br><br>Schuler Company, Inc.,<br>*Appellee-Defendant* | August 24, 2016<br><br>Court of Appeals Case No.<br>22A04-1511-PL-2071<br><br>Appeal from the Floyd Circuit Court<br><br>The Honorable Vicki L. Carmichael, Special Judge<br><br>Trial Court Cause No.<br>22C01-1504-PL-523 |

**Bailey, Judge.**

# Case Summary

Jack Gable and Janet Gable ("the Gables") filed a complaint alleging that they suffered damages when retaining walls built by Schuler Company, Inc. ("Schuler") failed. The trial court granted Schuler's motion to dismiss the complaint and motion for attorney's fees and costs. The Gables appeal. We reverse and remand.

# Issue

The Gables present four issues for our review, which we consolidate and restate as the following dispositive issue: whether the trial court erred in dismissing the Gables' complaint for failure to state a claim, where the facts alleged in the complaint give rise to a claim for breach of contract.

# Facts and Procedural History

In 2002, the Gables contracted with Schuler for the construction and purchase of a home in Floyd County. On April 14, 2015, the Gables filed a complaint alleging that retaining walls Schuler built concurrently with the home were defective and caused damages. In full, the allegations in the complaint were as follows:

**COMPLAINT FOR BREACH OF REPAIRS TO WARRANTY WORK**

Plaintiffs, Jack Gable and Janice Gable (collectively Gable), allege:

1. Gable contracted with the defendant's predecessor in interest, The Schuler Company, Inc. (Schuler), for the construction of a house.  Exhibit A.

2. Concurrently with the construction, Schuler erected large retaining walls which effectively boxed in the rear yard.

3. Schuler, in lieu of any implied warranty, provided Gable with a RWC limited warranty.  Exhibit B.

4. The RWC warranty did not provide coverage for retaining walls.

5. Several times over the years Gable would call Schuler and Schuler would repair the walls.

6. In 2013, Monty Trent, as an agent of Schuler, repaired the wall and stated in sum and substance that the walls were fixed and would not fail again.

7. The walls were defectively constructed and have failed.

WHEREFORE, the Plaintiffs, Jack Gable and Janice Gable, request a judgment against Schuler Homes, Inc., for enough money to compensate them for their losses, interest and costs.

(App. 5-6.)  The Gables attached to the complaint the construction agreement, a signed notice of waiver of implied warranties, and a signed acknowledgment of receipt of a sample limited warranty.

[4] On June 9, 2015, Schuler filed a motion to dismiss under Indiana Trial Rule 12(B)(6), arguing that the Gables' breach of warranty claim was barred based on the allegations in the complaint and, in the alternative, the statute of limitations. Schuler also requested attorney's fees and costs under Indiana Code § 34-52-1-1.

[5] The trial court held a hearing on the motion, and on November 5, 2015 granted the motion to dismiss and awarded Schuler attorney's fees and costs. The Gables now appeal.

# Discussion and Decision

## *Motion to Dismiss*

[6] The Gables contend that their complaint was improperly dismissed under Indiana Trial Rule 12(B)(6). Under our rules of trial procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Ind. Trial Rule 8(A). "A motion to dismiss under Rule 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief." *Trail v. Boys & Girls Clubs of Nw. Ind.*, 845 N.E.2d 130, 134 (Ind. 2006). We review *de novo* the trial court's grant or denial of a Trial Rule 12(B)(6) motion to dismiss. *Snyder v. Town of Yorktown*, 20 N.E.3d 545, 550 (Ind. Ct. App. 2014), *trans. denied*. When reviewing the trial court's decision, we accept as true the facts alleged in the complaint. *Id*. We consider the pleadings in the light most favorable to the plaintiff and draw every

reasonable inference in favor of the non-moving party. *Id.* We will affirm a dismissal under Trial Rule 12(B)(6) only if the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Id.*

[7] In its motion to dismiss, Schuler argued that the Gables could not recover under a breach of warranty theory because, by the complaint's own allegations, no express, implied, or statutory warranty associated with the written home construction contract applies to the retaining walls. However, the Gables' complaint does not rise or fall on the new home construction warranties.

[8] The Gables' complaint is inartfully drafted, but at minimum the allegations therein give rise to a breach of contract claim. The essential elements of a breach of contract claim are the existence of a contract, the defendant's breach of the contract, and damages. *Murat Temple Ass'n, Inc. v. Live Nation Worldwide, Inc.*, 953 N.E.2d 1125, 1128-29 (Ind. Ct. App. 2011), *trans. denied*. In a contract for work or services, failure to perform the work in a workmanlike manner may constitute a breach of contract. *Mullis v. Brennan*, 716 N.E.2d 58, 64 (Ind. Ct. App. 1999).

[9] According to the complaint, Schuler contracted with the Gables to build a home. At the same time, Schuler built retaining walls in the Gables' backyard. The complaint does not provide any details about a separate agreement to build the walls, but we may reasonably infer that Schuler did not gratuitously construct them. The Gables' acknowledgment that no warranties apply to their claim does not amount to a waiver of a cause of action. The paragraphs in the

complaint pertaining to warranties instead appear to be allegations made preemptively to clarify what the Gables were *not* alleging, and they permit us to infer that a general contract claim separate from the home construction contract was being made. Reading the complaint in the light most favorable to the Gables and drawing every reasonable inference in their favor, the complaint fairly alleges the existence of an agreement between Schuler and the Gables to build retaining walls on the Gables' property. The Gables also alleged that the walls Schuler built were defectively-constructed and that they suffered damages when the walls failed. The complaint therefore contains the essential elements of a breach of contract claim: a contract, a breach thereof, and damages flowing from the breach.

[10] Schuler next argues that even if a separate agreement existed to build the walls, the Gables cannot sustain a breach of contract action because the statute of limitations on written contract actions is ten years, I.C. § 34-11-2-11, and six years for actions on contracts not in writing. I.C. § 34-11-2-7. The parties executed the home construction agreement on June 12, 2002, and the Gables filed their complaint on April 14, 2015, outside either limitation period.

[11] However, the complaint does not specify when the retaining walls were built (other than "concurrently" with the home) or when the walls failed. (App. 5.) The Gables also alleged that Schuler or its agent repaired the walls several times over the years, most recently in 2013. But again, it is unknown when these repairs were made. Absent further factual development, we cannot determine when the cause of action accrued or whether there is any basis for tolling the

limitations period. Accordingly, the statute of limitations does not bar the Gables' claim at this juncture.

[12] Because the allegations in the Gables' complaint at minimum give rise to a breach of contract claim, the trial court erred in granting Schuler's motion to dismiss under Indiana Trial Rule 12(B)(6).[1]

[13] Reversed and remanded.

Bradford, J., and Altice, J., concur.

---

[1] The trial court also awarded Schuler attorney's fees under Indiana Code § 34-52-1-1(b), which provides that a court may award attorney's fees as part of the cost to a prevailing party if the court finds that either party brought or continued to litigate claims or defenses that were frivolous, unreasonable, or groundless, or otherwise litigated in bad faith. A threshold requirement of the statute is that attorney fees may only be recovered by a "prevailing party." *D.S.I. v. Nature Corp.*, 742 N.E.2d 15, 22 (Ind. Ct. App. 2000), *trans. denied*. Because we reverse the trial court's order granting Schuler's motion to dismiss, we necessarily vacate the court's award of attorney's fees under Indiana Code § 34-52-1-1(b).